AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (USAO rev. 12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of:<br><br>The residence located at 2772 Wyckersham Place, Fullerton, California ("**TARGET RESIDENCE 1**"). | ) ) ) ) ) ) ) ) ) ) Case No. **2:21-MJ-04788** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

**See Attachment A-1**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**See Attachment B**

Such affidavit or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before 14 days from the date of its issuance *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

You must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.

Date and time issued: 10/19/2021 @ 4:37 p.m.

*Judge's signature*

City and state: Los Angeles, California     Hon. Rozella A. Oliver, U.S. Magistrate Judge
*Printed name and title*

AUSA: Gregory Bernstein (x3183)

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

**ATTACHMENT A-1**

**PREMISES TO BE SEARCHED**

The premises is located at 2772 Wyckersham Place, Fullerton, California ("**TARGET RESIDENCE 1**"), which is a residential property located south off of Wyckersham Place, Fullerton, California. There is black lettering "2772" on the curb in front of the property. **TARGET RESIDENCE 1** is accessible directly from Wyckersham Place. **TARGET RESIDENCE 1** includes any area, including vehicles, within the curtilage of **TARGET RESIDENCE 1**. **TARGET RESIDENCE 1** is depicted below:



i

**ATTACHMENT B**

I. **ITEMS TO BE SEIZED**

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of conspiracy to commit wire fraud and bank fraud (18 U.S.C. § 1349), wire fraud (18 U.S.C. §1343), bank fraud (18 U.S.C. § 1344), and conspiracy to commit money laundering (18 U.S.C § 1956(h)) (the "Target Offenses"), namely:

    a. Records and documents relating to prepaid cards, such as prepaid credit, debit, and gift cards,

    b. Records and documents relating to Visa or Visa cards, Costco or Costco cards, or Simon Mall or Simon cards, or any other credit or prepaid debit card,

    c. Merchant machines and credit card swiping devices,

    d. Credit and debit cards, including prepaid debit cards,

    e. Bank, loan, credit, and financial transaction records and correspondences,

    f. Records, programs, and items relating to the counterfeiting or manipulation of documents and identifications, such as the cutting-and-pasting of signatures, letterheads, watermarks, and seals, including the altered or counterfeited information itself,

    g. Ledgers and records of personal identifying information, including names, dates of birth, social security numbers, addresses, and bank account numbers, and credit card numbers,

    h. Personal identifying information of individuals other than those residing at the **TARGET RESIDENCES**, including social security numbers, other identifying numbers, dates of birth, credit, debit card, or other account information, PINs, credit reports, and

bank or other financial institution information, and records relating to such information,

  i. Identification cards, whether genuine or fake,

  j. Records relating to wealth and the movement of wealth, such as tax returns and forms, crypto-currency accounts and transfers, other digital wealth storage and transfer methods including PayPal and Venmo, money orders, brokerage and financial institution statements, wire transfers, currency exchanges, deposit slips, cashier's checks, transactions involving prepaid cards, and/or other financial documents related to depository bank accounts, lines of credit, credit card accounts, real estate mortgage initial purchase loans or loan refinances, residential property leases, escrow accounts, the purchase, sale, or leasing of automobiles or real estate, or auto loans, and investments, or showing or referring to purchases or transactions for more than $1,000,

  k. Records or items containing indicia of occupancy, residency or ownership of any location or vehicle being searched, such as keys, rental agreements, leases, utility bills, identity documents, cancelled mail, and surveillance video,

  l. Mail matter and shipping packages, opened or unopened, including mail matter not addressed to or from the **TARGET RESIDENCES**,

  m. Currency, money orders, and casino chips with a value in excess of $1,000, including the first $1,000 if more than $1,000 is found, precious metal coins and bullion, and prepaid debit or credit cards,

  n. Cryptocurrency and related records and items, such as those referring or relating to public or private keys or addresses, or cryptocurrency wallets or their parts, including "recovery seeds"

or "root keys" which may be used to regenerate a wallet. Seizure of the cryptocurrency and wallets will be accomplished by transferring or copying them to a public cryptocurrency address controlled by the United States, or by restoring them onto computers controlled by the United States.

   o. Documents and keys relating to public storage units, rental cars, prepaid cellular telephones, safety deposit boxes, Commercial Mail Receiving Agencies, virtual offices, or receiving mail at someone else's address, or holding or renting assets or items under someone else's name,

   p. Documents and records showing electronic and telephone contacts and numbers called or calling, such as SIM cards, address books, call histories, telephone bills, and ICQ, Telegram, and email addresses,

   q. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offense/s, and forensic copies thereof.

   r. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

     i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence,

     ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses,

Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software,

        iii. evidence of the attachment of other devices,

        iv.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device,

        v.   evidence of the times the device was used,

        vi.  passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device,

        vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it,

        viii.   records of or information about Internet Protocol addresses used by the device,

        ix.  records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

    2.   As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

    3.   As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units, desktop, laptop,

notebook, and tablet computers, personal digital assistants, wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones, digital cameras, gaming consoles (including Sony PlayStations and Microsoft Xboxes), peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media, related communications devices, such as modems, routers, cables, and connections, storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS), and security devices.

## II.  SEARCH PROCEDURE FOR DIGITAL DEVICES

4. In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

  a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

  b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

    i. The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

  c. The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

  d. If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

  e. If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

  f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within

the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

        g.    The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

        h.    After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

        5.    The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

        6.    In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

        a.    Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above,

   b.   Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data,

   c.   Any magnetic, electronic, or optical storage device capable of storing digital data,

   d.   Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device,

   e.   Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device,

   f.   Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device, and

   g.   Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

   7.   During the execution of this search warrant, law enforcement is permitted to: (1) depress the thumbs and/or fingers of **Kibong Suk, Sang Jun Cho,** and **Hwan Kim** onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed, and (2) hold the device in front of the face of that person with his eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989), specifically, law enforcement may use no more than objectively

reasonable force in light of the facts and circumstances confronting them.

      8.   The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.